| 1040 (Form 1040) (12/15) | | |
|---|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | | **ADVERSARY PROCEEDING NO.** |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Howard M. Ehrenberg, as liquidating Trustee of the jointly administered Bankruptcy Estates of Orion HealthCorp, Inc. and Constellation Healthcare Technologies, Inc. | John Johnston, David Andrew Clark, Moshe "Mark" Menachem Feuer, Sir Rodney Malcolm Aldridge, Shawn H. Zimberg, Joseph A. Seale, Truc To, John Esposito, Mark Bellisimo, Cliona Sotiropoulos, Arvind Walia, Dale Brinkman, Melodie Kraljev, and Alon P. Baram |

| ATTORNEY(S) (Firm Name, Address, Telephone No.) | ATTORNEY(S) (If Known) |
|---|---|
| Christopher A. Lynch<br>Benjamin R. Fliegel<br>REED SMITH LLP<br>599 Lexington Ave, 22nd Floor<br>New York, New York 10022<br>Telephone: (212) 521-5400 | |

**PARTY** (Check One Box Only)
☐ Debtor   ☐ U.S. Trustee
☐ Creditor   ☑ Trustee   ☐ Other

**PARTY** (Check One Box Only)
☐ Debtor   ☐ U.S. Trustee
☐ Creditor   ☐ Trustee   ☑ Other

**CAUSE OF ACTION** (Write a brief statement of cause of action, including all U.S. statutes involved.)

Debtors through the liquidating Trustee, Howard M. Ehrenberg, allege causes of action for breach of fiduciary duty and negligence against Debtors' former directors and officers due to their failure to operate Debtors consistent with their fiduciary duties.

**NATURE OF SUIT**
(Number up to 5 boxes with the lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11 – Recovery of money/property - § 542 turnover of property
☐ 12 – Recovery of money/property - § 547 preference
☐ 13 – Recovery of money/property - § 548 fraudulent transfer
☑ 14 – Recovery of money/property – other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21 – Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 – Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 – Dischargeability - § 523(a)(1), (14), (14A) priority tax claims
☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 – Dischargeability - § 523(a)(5), domestic support
☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 – Dischargeability - § 523(a)(8), student loan
☐ 64 – Dischargeability - § 523 (a)(15), divorce or separation obligation (other than domestic support)
☐ 65 – Dischargeability – other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 – Injunctive relief – imposition of stay
☐ 72 – Injunctive relief – other

**FRBP 7001(8) – Subordination of Claim or Interest**
☐ 81- Subordination of claim or interest

**FRBP 7001(9) – Declaratory Judgment**
☐ 91 – Declaratory judgment

**FRBP 7001(10) – Determination of Removed Action**
☐ 01 – Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa et seq.
☑ 02 – Other (e.g.,other actions that would have been brought in state court if unrelated to bankruptcy case)

☑ Check if this case involves a substantive issue of state law   ☐ Check if this is asserted to be a class action under FRCP 23
☑ Check if a jury trial is demanded in complaint   Demand: $ Excess of $10,000,000

Other Relief Sought:

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>Orion HealthCorp, Inc.; Constellation Healthcare Technologies, Inc. | BANKRUPTCY CASE NO.<br>8-18-71748-ast, et al. |

| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
|---|---|---|
| Eastern District of New York | Central Islip | Hon. Alan S. Trust |

| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
|---|---|---|---|
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY PROCEEDING IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Christopher A. Lynch | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Christopher A. Lynch |
|---|---|
| DATE<br>03/13/2020 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff, if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.