**ROSEN & ASSOCIATES, P.C.**
*Counsel to Arvind Walia*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC. *et al.*,<br><br>　　　　　Debtors. | Chapter 11<br><br>Case No. 18-71748 (AST) |
| HOWARD M. EHRENBERG, AS LIQUIDATING TRUSTEE OF THE JOINTLY ADMINISTERED BANKRUPTCY ESTATES OF ORION HEALTHCORP, INC. AND CONSTELLATION HEALTHCARE TECHNOLOGIES, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOHN JOHNSTON, DAVID ANDREW CLARK, MOSHE "MARK" MENACHEM FEUER, SIR RODNEY MALCOLM ALDRIDGE, SHAWN H. ZIMBERG, JOSEPH A. SEALE, TRUC TO, JOHN ESPOSITO, MARK BELLISIMO, CLIONA SOTIROPOULOS, ARVIND WALIA, DALE BRINKMAN, MELODIE KRALJEV, AND ALON P. BARAM,<br><br>　　　　　Defendants. | Adv. Proc. No. 20-08046 (AST) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Arvind Walia ("**Mr. Walia**"), through his counsel, Rosen & Associates, P.C., as and for his answer to the complaint dated March 13, 2020 [Adv. Proc. Doc. No. 1] (the "**Complaint**"), filed by Howard M. Ehrenberg, as liquidating trustee of the jointly administered

bankruptcy estates of Orion HealthCorp, Inc. and Constellation Healthcare Technologies, Inc. ("**Plaintiff**"), respectfully represents as follows:

Except as expressly stated otherwise herein, Mr. Walia answers and responds only to those allegations in the Complaint that are directed towards him, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint that are directed towards other Defendants.

## AS TO NATURE OF THE ACTION

1. Mr. Walia denies the allegations contained in paragraphs "1" through "4" of the Complaint.

## AS TO THE PARTIES

2. Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph "5" of the Complaint.

3. To the extent the allegations in paragraph "6" purport to cite or summarize publicly filed documents, Mr. Walia respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

4. Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "7" through "11" of the Complaint.

5. To the extent the allegation in paragraph "12" purports to cite or summarize publicly filed documents, Mr. Walia respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Mr. Walia lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

6. Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "13" through "17" of the Complaint.

7. Mr. Walia admits that he is a resident of the State of New York and denies the remaining allegation in paragraph "18" of the Complaint.

8. Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "19" through "21" of the Complaint.

9. Mr. Walia denies the allegations contained in paragraph "22" of the Complaint.

## AS TO JURISDICTION AND VENUE

10. Mr. Walia neither admits nor denies the allegations contained in paragraphs "23" through "25" of the Complaint as such allegations are legal conclusions to which no response is required; however, Mr. Walia does not consent to the entry of final orders or judgments by this Court.

## AS TO STATEMENT OF FACTS COMMON TO ALL CLAIMS FOR RELIEF

11. To the extent the allegations in paragraphs "26" and "27" purport to cite or summarize publicly filed documents, Mr. Walia respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "26" and "27" of the Complaint.

12. Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

13. To the extent the allegations in paragraph "29" purport to cite or summarize publicly filed documents, Mr. Walia respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

14. Mr. Walia denies the allegations contained in paragraphs "30" and "31" of the Complaint.

15. To the extent the allegations in paragraph "32" purport to cite or summarize publicly filed documents, Mr. Walia respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, except as expressly admitted, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint.

16. Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

17. To the extent the allegations in paragraph "34" purport to cite or summarize publicly filed documents, Mr. Walia respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

18. Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

19. To the extent the allegations in paragraph "36" purport to cite or summarize publicly filed documents, Mr. Walia respectfully refers the Court to the actual cited documents for

a complete and accurate statement of their contents. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

20. To the extent the allegations in paragraphs "37" through "40" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Walia denies the allegations contained in paragraphs "37" through "40" of the Complaint.

21. To the extent the allegations in paragraphs "41" and "42" purport to cite or summarize publicly filed documents, Mr. Walia respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. To the extent the allegations in paragraphs "41" and "42" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "41" and "42" of the Complaint.

22. Mr. Walia denies the allegations contained in paragraphs "43" though "45" of the Complaint.

23. To the extent the allegations in paragraph "46" purport to cite or summarize publicly filed documents, Mr. Walia respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint.

24. Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "47" and "48 "of the Complaint.

25. To the extent the allegations in paragraphs "49" through "59" purport to cite or summarize publicly available information, Mr. Walia respectfully refers the Court to the actual

documents for a complete and accurate statement of their contents. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "49" through "59" of the Complaint.

26. Mr. Walia denies the allegations contained in paragraphs "60" and "61" of the Complaint.

27. To the extent the allegations in paragraphs "62" through "68" purport to cite or summarize publicly available information, Mr. Walia respectfully refers the Court to the actual documents for a complete and accurate statement of their contents. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "62" through "68" of the Complaint.

28. Mr. Walia denies the allegations contained in paragraph "69" of the Complaint.

## AS TO FIRST CLAIM FOR RELIEF

29. Mr. Walia repeats, re-alleges and incorporates by reference his responses to paragraphs 1 through 69 of the Complaint as if fully set forth herein.

30. To the extent the allegations in paragraphs "71" through "73" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "71" through "73" of the Complaint.

31. Mr. Walia denies the allegations contained in paragraphs "74" through "77" of the Complaint.

### AS TO SECOND CLAIM FOR RELIEF

32. Mr. Walia repeats, re-alleges and incorporates by reference his responses to paragraphs 1 through 77 of the Complaint as if fully set forth herein.

33. To the extent the allegations in paragraphs "79" through "81" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Walia lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "79" through "81" of the Complaint.

34. Mr. Walia denies the allegations contained in paragraphs "82" through "86" of the Complaint.

### AS TO THIRD CLAIM FOR RELIEF

35. Mr. Walia repeats, re-alleges and incorporates by reference his responses to paragraphs 1 through 86 of the Complaint as if fully set forth herein.

36. To the extent the allegations in paragraphs "88" through "91" state a legal conclusion, no responsive pleading is required. Otherwise, Mr. Walia denies the allegations contained in paragraphs "88" through "92" of the Complaint.

### AS AND FOR MR. WALIA'S FIRST AFFIRMATIVE DEFENSE

37. Plaintiff's claims and each purported cause of action contained in the Complaint fail to state a claim upon which relief may be granted.

### AS AND FOR MR. WALIA'S SECOND AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred because of lack of personal jurisdiction over Mr. Walia in this Court.

### AS AND FOR MR. WALIA'S THIRD AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert the claims contained in the Complaint.

### AS AND FOR MR. WALIA'S FOURTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations

### AS AND FOR MR. WALIA'S FIFTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred in whole or in part due to insufficiency of process.

### AS AND FOR MR. WALIA'S SIXTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred in whole or in part due to insufficiency of service of process.

### AS AND FOR MR. WALIA'S SEVENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims must be dismissed based upon documentary evidence or lack thereof.

### AS AND FOR MR. WALIA'S EIGHTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred by the doctrine of waiver.

### AS AND FOR MR. WALIA'S NINTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

### AS AND FOR MR. WALIA'S TENTH AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred in whole or in part due to the doctrine of laches and/or unclean hands.

## AS AND FOR MR. WALIA'S ELEVENTH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred in whole or in part pursuant to the business judgment rule.

## RESERVATION OF RIGHTS

48. Mr. Walia reserves all rights to amend this answer, raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

\*          \*          \*

**WHEREFORE**, Mr. Walia respectfully requests that this Court enter an order:

(1) dismissing the Complaint with prejudice;

(2) awarding Mr. Walia all costs and expenses incurred in defending this action including attorneys' fees as permitted by law; and

(3) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 15, 2020

**ROSEN & ASSOCIATES, P.C.**
*Counsel to Arvind Walia*

By:  /s/  *Sanford P. Rosen*
Sanford P. Rosen
Paris Gyparakis

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100