**Olshan Frome Wolosky LLP**
*Counsel to Melodie Kraljev*
1325 Avenue of the Americas
New York, NY 10019
(212) 451-2390
Jonathan T. Koevary
Michael J. Passarella
Amelia Hochman

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>ORION HEALTHCORP, INC.[1],<br><br>Debtors.<br><br>Howard M. Ehrenberg, as liquidating Trustee of the jointly administered bankruptcy estates of Orion HealthCorp, Inc. and Constellation Healthcare Technologies, Inc.,<br><br>Plaintiff,<br><br>- v. -<br><br>John Johnston, David Andrew Clark, Moshe "Mark" Menachem Feuer, Sir Rodney Malcolm Aldridge, Shawn H. Zimberg, Joseph A. Seale, True To, John Esposito, Mark Bellisimo, Cliona Sotiropoulos, Arvind Walia, Dale Brinkman, Melodie Kraljev, and Alon P. Baram,<br><br>Defendants. | Chapter 11<br>Case No. 18-71748 (AST)<br><br>(Jointly Administered)<br><br>Adv. Pro. No. 20-08046 (AST)<br><br><br>**DEFENDANT MELODIE KRALJEV'S<br>ANSWER AND JURY TRIAL DEMAND** |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number , are: Orion Healthcorp, Inc. (7246); Constellation Healthcare Technologies, Inc. (0135); NEMS Acquisition, LLC (7378); Northeast Medical Solutions, LLC (2703); NEMS West Virginia, LLC (unknown); Physicians Practice Plus Holdings, LLC (6100); Physicians Practice Plus, LLC (4122); Medical Billing Services, Inc. (2971); Rand Medical Billing, Inc. (7887); RMI Physician Services Corporation (7239); Western Skies Practice Management, Inc. (1904); Integrated Physician Solutions, Inc. (0543); NYNM Acquisition, LLC (unknown) Northstar FHA, LLC (unknown); Northstar First Health, LLC (unknown); Vachette Business Services, Ltd. (4672); Phoenix Health, LLC (0856); MDRX Medical Billing, LLC (5410); VEGA Medical Professionals, LLC (1055); Allegiance Consulting Associates, LLC (7291); Allegiance Billing & Consulting, LLC (7141); New York Network Management, LLC (7168). The corporate headquarters and the mailing address for the debtors listed above is 1715 Route 35 Notth, Suite 303, Middletown, NJ 07748.

Defendant Melodie Kraljev ("Kraljev"), by her attorneys, Olshan Frome Wolosky LLP, answer the Adversary Proceeding Complaint of plaintiff Howard M. Ehrenberg, liquidating trustee ("Plaintiff" or "Trustee") of the jointly administered bankruptcy estates of Orion HealthCorp., Inc. ("Orion") and Constellation Healthcare Technologies, Inc. ("CHT," and together with Orion, the "Debtors") as follows:

## NATURE OF THE ACTION

1. Kraljev denies the allegations of Paragraph 1 of the Complaint, except admits that Plaintiff purports to seek relief for breach of fiduciary duty.

2. Kraljev denies the allegations of Paragraph 2 of the Complaint.

3. Kraljev denies the allegations of Paragraph 3 of the Complaint

4. Kraljev denies the allegations of Paragraph 4 of the Complaint

## THE PARTIES

### *A.  The Trustee*

5. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. To the extent the allegations in Paragraph 6 purport to cite or summarize publicly filed documents, Kraljev respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents.

### *B.  The Directors*

7. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. To the extent the allegations in Paragraph 12 purport to cite or summarize publicly filed documents, Kraljev respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents.

### C. *The Officers*

13. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Kraljev admits that she is a resident of the State of New York and that she was employed by OrionHealthCorp., Inc. until June 30, 3018, where she held the title of Vice President of Operations. Kraljev denies the remaining allegations of Paragraph 20 of the Complaint.

21. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. To the extent the allegations in Paragraph 22 purport to cite or summarize publicly filed documents, Kraljev respectfully refers the Court to the actual cited documents for a complete and accurate statement of their contents. Kraljev admits that she was responsible for account management and billing, and held the title of Vice President of Operations at Orion HealthCorp, Inc. until June 30, 2018. Kraljev denies the remaining allegations of Paragraph 22 of the Complaint with respect to Kraljev and denies knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 22 against the remaining Defendants referenced therein.

## JURISDICTION AND VENUE

23. Paragraph 23 of the Complaint purports to state legal conclusions to which no response is required. However, Kraljev denies that this is a core proceeding under 28 U.S.C. §157(b)(2) and further denies that this Court has either statutory or Constitutional authority to enter final orders or judgments in this adversary proceeding.

24. Paragraph 24 of the Complaint purports to state legal conclusions to which no response is required.

25. Kraljev denies that this is a core proceeding under 28 U.S.C. §157(b)(2), avers that the Bankruptcy Court does not have the authority to enter final judgments or orders consistent with

Article III of the United States Constitution and does not consent to the entry of final orders and judgments by the Bankruptcy Court.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. *The Debtors' Corporate Background*

26. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

### B. *The Parmar Conspirators Attempt to Steal CHT Assets*

30. Kraljev denies the allegations of Paragraph 30 of the Complaint.

31. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

   a. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32(a) of the Complaint.

   b. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32(b) of the Complaint

      c. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32(c) of the Complaint.

33. Kraljev denies the allegations of Paragraph 33 of the Complaint.

34. Kraljev denies the allegations of Paragraph 34 of the Complaint.

      a. Kraljev denies the allegations of Paragraph 34(a) of the Complaint.

      b. Kraljev denies the allegations of Paragraph 34(b) of the Complaint.

      c. Kraljev denies the allegations of Paragraph 34(c) of the Complaint.

35. Kraljev denies the allegations of Paragraph 35 of the Complaint.

36. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

### C. *The Defendants Took No Reasonable Steps to Prevent or Investigate the Acquisitions and Transaction in the Parmar Conspiracy*

37. Paragraph 37 of the Complaint purports to state legal conclusions to which no response is required. To the extent a response is deemed required, Kraljev denies the allegations of Paragraph 37 of the Complaint.

38. Kraljev denies the allegations of Paragraph 38 of the Complaint.

39. Kraljev denies the allegations of Paragraph 39 of the Complaint

40. Kraljev denies the allegations of Paragraph 40 of the Complaint

41. Kraljev denies the allegations of Paragraph 41 of the Complaint.

      a. Kraljev denies the allegations of Paragraph 41(a) of the Complaint

      b. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41(b) of the Complaint.

       c. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41(c) of the Complaint.

       d. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41(d) of the Complaint.

       e. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41(e) of the Complaint.

       f. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41(f) of the Complaint.

42. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

       a. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42(a) of the Complaint.

       b. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42(b) of the Complaint.

       c. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42(c) of the Complaint.

43. Kraljev denies the allegations of Paragraph 43 of the Complaint.

44. Kraljev denies the allegations of Paragraph 44 of the Complaint.

45. Kraljev denies the allegations of Paragraph 45 of the Complaint.

### D. *<u>The Defendants Breached Their Fiduciary Duties When the Go-Private Merger Became Effective</u>*

46. Kraljev denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

7

47. Kraljev denies the allegations of Paragraph 47 of the Complaint.

48. Kraljev denies the allegations of Paragraph 48 of the Complaint.

49. Kraljev denies the allegations of Paragraph 49 of the Complaint.

50. Kraljev denies the allegations of Paragraph 50 of the Complaint.

51. Kraljev denies the allegations of Paragraph 51 of the Complaint.

52. Kraljev denies the allegations of Paragraph 52 of the Complaint.

53. Kraljev denies the allegations of Paragraph 53 of the Complaint.

54. Kraljev denies the allegations of Paragraph 54 of the Complaint.

55. Kraljev denies the allegations of Paragraph 55 of the Complaint.

56. Kraljev denies the allegations of Paragraph 56 of the Complaint.

57. Kraljev denies the allegations of Paragraph 57 of the Complaint.

58. Kraljev denies the allegations of Paragraph 58 of the Complaint.

59. Kraljev denies the allegations of Paragraph 59 of the Complaint.

60. Kraljev denies the allegations of Paragraph 60 of the Complaint.

61. Kraljev denies the allegations of Paragraph 61 of the Complaint.

62. Kraljev denies the allegations of Paragraph 62 of the Complaint.

63. Kraljev denies the allegations of Paragraph 63 of the Complaint.

64. Kraljev denies the allegations of Paragraph 64 of the Complaint.

65. Kraljev denies the allegations of Paragraph 65 of the Complaint.

66. Kraljev denies the allegations of Paragraph 66 of the Complaint.

67. Kraljev denies the allegations of Paragraph 67 of the Complaint.

68. Kraljev denies the allegations of Paragraph 68 of the Complaint.

69. Kraljev denies the allegations of Paragraph 69 of the Complaint.

## FIRST CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTIES ARISING OUT OF THE PARMAR CONSPIRACY

70. Kraljev incorporates by reference her responses to Paragraphs 1 through 69 of the Complaint as if fully set forth herein.

71. Kraljev denies the allegations of Paragraph 71 of the Complaint.

72. Kraljev denies the allegations of Paragraph 72 of the Complaint.

73. Kraljev denies the allegations of Paragraph 73 of the Complaint.

74. Kraljev denies the allegations of Paragraph 74 of the Complaint.

   a. Kraljev denies the allegations of Paragraph 74(a) of the Complaint.

   b. Kraljev denies the allegations of Paragraph 74(b) of the Complaint.

   c. Kraljev denies the allegations of Paragraph 74(c) of the Complaint.

75. Kraljev denies the allegations of Paragraph 75 of the Complaint.

76. Kraljev denies the allegations of Paragraph 76 of the Complaint.

77. Kraljev denies the allegations of Paragraph 77 of the Complaint.

## SECOND CLAIM FOR RELIEF

### BREACH OF FIDUCIARY DUTIES ARISING OUT OF THE GO-PRIVATE MERGER

78. Kraljev incorporates by reference her responses to Paragraphs 1 through 77 of the Complaint as if fully set forth herein.

79. Kraljev denies the allegations of Paragraph 79 of the Complaint.

80. Kraljev denies the allegations of Paragraph 80 of the Complaint.

81. Kraljev denies the allegations of Paragraph 81 of the Complaint.

82. Kraljev denies the allegations of Paragraph 82 of the Complaint.

83. Kraljev denies the allegations of Paragraph 83 of the Complaint.

84. Kraljev denies the allegations of Paragraph 84 of the Complaint.

85. Kraljev denies the allegations of Paragraph 85 of the Complaint.

86. Kraljev denies the allegations of Paragraph 86 of the Complaint.

## THIRD CLAIM FOR RELIEF

## NEGLIGENCE

87. Kraljev incorporates by reference her responses to Paragraphs 1 through 87 of the Complaint as if fully set forth herein.

88. Kraljev denies the allegations of Paragraph 88 of the Complaint.

89. Kraljev denies the allegations of Paragraph 89 of the Complaint.

90. Kraljev denies the allegations of Paragraph 90 of the Complaint.

91. Kraljev denies the allegations of Paragraph 91 of the Complaint.

92. Kraljev denies the allegations of Paragraph 92 of the Complaint.

## RESPONSE TO PRAYER FOR RELIEF

Kraljev denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief.

## JURY TRIAL DEMAND

Pursuant to the Seventh Amendment of the United States Constitution and Rule 38(b) of the Federal Rules of Civil Procedure made applicable by Rule 9015(a) of the Federal Rules of Bankruptcy Procedure, Kraljev hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which any relief, including, without limitation, an award of compensatory, pecuniary and/or punitive damages, may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims contained in the Complaint against Kraljev.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

At all times, Kraljev acted in good faith and in a commercially reasonable manner.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff suffered no damages proximately caused by Kraljev.

### EIGHTH AFFIRMATIVE DEFENSE

Kraljev is not liable for punitive damages because she did not commit any unlawful acts with willful, malicious or reckless indifference to the protected rights of Orion HealthCorp., Inc. or Constellation Healthcare Technologies, Inc., nor did she authorize or ratify any such practices.

## RESERVATION OF RIGHTS

Kraljev reserves all rights to amend this answer, raise any additional defenses, cross-claims, and third-party claims not asserted herein of which she may become aware through discovery or other investigation, as may be appropriate at a later time.

Dated: New York, New York
May 15, 2020

**OLSHAN FROME WOLOSKY LLP**

By: */s/ Jonathan T. Koevary*
Jonathan T. Koevary
Michael J. Passarella
Amelia Hochman
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
Fax: (212) 451-2222
*Attorneys for Defendant Melodie Kraljev*